96      Matter of William H. Shields.

Surrogate's Court, New York County, November, 1921.   [Vol. 117.

Matter of Proving the Last Will and Testament of
William H. Shields, Deceased.

(Surrogate's Court, New York County, November, 1921.)

Wills — missing duplicate — probate of other duplicate. directed.

A few days after testator had made in duplicate a type-
written will he received from the scrivener one of the duplicates
and took it with intention to place it in his safe-deposit box,
but it was never seen again and cannot be found. *Held,* that
the other duplicate, which testator had placed in his safe-deposit
box where it was found after his death, was entitled to be
admitted to probate.

Proceedings upon the probate of a will.

John J. Sullivan, for proponent.

Cohalan, S.   A novel situation is herein presented.
The testator executed in his lawyer's office a type-
written will in duplicate.  The lawyer kept one of the
duplicates.  The testator took the other and placed it
in his safe deposit box.  It remained under his control
until his death, was then found in his safe deposit box
and is now produced.

Some few days after the execution of the will the
testator, according to the testimony, called at his
lawyer's office, asked for and received the other dupli-
cate.  He carried it away to place it in his safe deposit
box.   It was never seen again and cannot now be
found.

Shall probate be granted?  I am of that opinion.  I
find no case in this state directly in point.  *Matter of
Schofield,* 72 Misc. Rep. 281, presents a radically dif-
ferent situation; there only one of the duplicates was
in the possession of the testator and that could not be

found; here both were in the possession of the testator and one kept with the utmost care throughout the years is found.

In these cases there is of course a presumption favorable to revocation, but it is only a presumption, as is well pointed out in *Managle* v. *Parker,* 75 N. H. 139, a case in which the duplicate in the testatrix's possession was destroyed by her and yet probate was granted.

The situation now presented is vastly more favorable to probate. The duplicate now missing may have been destroyed but equally it may have been lost. Certainly the presumption that it was destroyed *animo revocandi* is of the weakest and is, I hold, in view of the care with which the other duplicate was guarded by the testator, insufficient to predicate thereupon denial of probate.

The propounded paper is therefore admitted.

Decreed accordingly.